**FENOLD v. GREEN et al.**

**No. 258, Docket 21339.**

United States Court of Appeals
Second Circuit.

Argued May 3, 1949.

Decided June 1, 1949.

---

[7] See Di Pasquale v. Karnuth, 2 Cir., 158 F.2d 878, to similar effect.

248

David I. Michaelson, New York City, for appellants.

Abraham Silverstein, New York City, for plaintiff-appellee.

Solomon S. Leff, New York City (David Haar, New York City, of counsel), for impleaded defendant-appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action brought by a trustee in bankruptcy to recover from the appellants preferential payments under section 60, sub. b, of the Bankruptcy Act, 11 U.S. C.A. § 96, sub. b. The case was tried to the court without a jury. The material facts as found by the trial judge are as follows:

The bankrupt, Samuel Kaufman, Inc., was a manufacturing furrier. The defendants Green, who will be referred to as Green & Co. were dealers in fur skins. In February 1945 Green & Co. sold skins to the bankrupt and received the bankrupt's promissory notes for the purchase price thereof. Green & Co. forthwith transferred the notes "without recourse" to Federal Factors Corp. which in turn assigned them to its bank. One of the notes for $1150 was paid by the bankrupt on July 1, 1945, which date was less than four months before the filing on October 29th of the petition on which the bankrupt was adjudicated.[1] In May 1945 Green & Co. made a second sale of skins to the bankrupt and received therefor its note for $1,000. This note followed the same course as above described with respect to the February note. It was paid on September 5, 1945. The trial court found that at the date of payment of each of the aforesaid notes aggregating $2,150, Green & Co. knew or had reasonable cause to believe that the bankrupt was then insolvent "and that a preferential payment was then being made to or for their benefit." Accordingly judgment was awarded the plaintiff against Green & Co. for $2,150 plus interest. Federal Factors Corp. had been impleaded as a third party defendant on the theory that if Green & Co. should be held liable they would have a right over against Federal Factors. The

[1] The other note received in the February sale was paid on June 21, 1945. As this antedated the bankruptcy by more than four months, the trustee's suit did not seek recovery of that payment.

court made no finding as to the knowledge or belief of Federal Factors as to the bankrupt's insolvency. Green & Co.'s cross-complaint was dismissed. From such dismissal as well as from the plaintiff's recovery against them, Green & Co. have appealed.

Under section 60, sub. b, a preferential payment made within four months of bankruptcy may be avoided by the trustee "if the creditor receiving it or to be benefited thereby," has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. It is settled law that an endorser, guarantor or surety of a bankrupt's note may be the recipient of a voidable preference if he knows or has reasonable cause to believe that the maker of the note is insolvent at the date of its payment. Collier on Bankruptcy, 14th Ed., § 60.17. This is because the indorser, guarantor or surety is "benefited" by the payment since it discharges his contingent liability. When an indorsement is without recourse, the indorser is under no contingent obligation to pay if the maker defaults.[2] Hence he receives no benefit from the payment of the note. Judge Fee was of opinion, however, that the bankrupt's payment of its notes discharged a liability to Federal Factors which Green & Co. had assumed by the written contract pursuant to which the notes were assigned without recourse. By that contract Green & Co. warranted that the notes are "free from any defense, discount, allowance, offset or claim of any kind whatsoever." This clause plainly refers to defenses, offsets or claims which the maker of the notes may assert. It cannot be interpreted to include a warranty of the maker's solvency. The contingency that the note may not be paid at maturity is dealt with in paragraph 4 of the agreement, and in that event "there shall be no claim whatsoever against the undersigned [Green & Co.] thereon," with certain exceptions not now relevant. The notes were valid obligations of the maker; if the maker had failed to pay them at maturity, Federal Factors could not have fallen back on Green & Co.

However, an indorsement "without recourse" does not absolve the indorser from liability for breach of the implied warranty that he "has no knowledge of any fact which would impair the validity of the instrument or render it valueless," which every qualified indorser makes. Sec. 115 (4), N. Y. Negotiable Instruments Law. Hence the argument can be made that since Green & Co. knew, at the time the notes were assigned, of the maker's shaky financial condition, Federal Factors had grounds for an action against the appellant on the implied warranty, and therefore the latter was benefited by the payment of the notes. In cases dealing with preferences, the creditor is charged with the duty of making reasonably diligent inquiry as to his debtor's solvency. Pender v. Chatham Phenix National Bank, 2 Cir., 58 F.2d 968, 970. But it does not follow from this that before transferring a note a qualified indorser owes to the transferee a similar duty of investigating the maker's financial condition or tracking down mere suspicions as to his insolvent status. In the absence of some fraudulent representation or concealment of information of the maker's insolvency the rule of caveat emptor applies in the sale of an instrument indorsed "without recourse." Bank of Otterville v. Bank of Boonville, 223 Mo.App. 572, 16 S.W.2d 702. In the case at bar there was no finding that Green & Co. had direct knowledge of the bankrupt's insolvent condition at the time the notes were sold.[3] Indeed, the evidence shows that before the purchase was consummated, Green & Co. requested Federal Factors to check for itself the credit of the maker, and that Federal Factors did in fact obtain financial reports of the bankrupt's credit rating. Appellant was not required to go further and impart vague conjectures or personal suspicions regarding the bankrupt's financial condition. Consequently, as Green & Co. was not responsible for the payment of the notes and did not break ci-

---

[2] Sec. 68, N.Y.Negotiable Instruments Law, Consol.Laws, c. 38; Daniel on Negotiable Instruments, 7th Ed., Vol. 2, § 783.

[3] The finding of the court below that

Green & Co. "knew or had reasonable cause to believe" that the bankrupt was insolvent was specifically confined to the times of payment of the notes.

ther its express or implied warranty, the payments did not benefit it, and there is no basis for holding it to be the recipient of voidable preferences. The judgment is reversed and the plaintiff's complaint dismissed; dismissal of the cross-complaint is affirmed.