Leroy **WANTA, as Personal Representative of the Estate of Richard Wayerski, Deceased, and Charles D. Carew, Plaintiffs,**

v.

**Richard K. POWERS, Evergreen Trucking Co., Inc., Defendants and Third-Party Plaintiffs,**

**NORTH-EAST SALVAGE COMPANY, Eagle Can Company and Mashkin Freight Lines, Defendants,**

v.

**AIR TRANSPORT, INC., Third-Party Defendant,**

v.

**Raynald COLLIN and Daaquam Lumber, Ltd., Third-Party Defendants.**

**Civ. A. No. 78–932.**

United States District Court, M. D. Pennsylvania.

Sept. 19, 1979.

Anderson, Fisher, Shannon, O'Brien & Rice, Stevens Point, Wis., James M. Howley, Scranton, Pa., for plaintiffs.

Walter W. O'Hara, Carbondale, Pa., for Powers & Evergreen.

Irwin Schneider, Scranton, Pa., for Mashkin.

William J. Dempsey, Scranton, Pa., for Eagle Can Co.

Richard F. Stevens, Allentown, Pa., for Air Transport.

Joseph A. O'Brien, Scranton, Pa., for Daaquam Lumber & Raynald Collin.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The numerous claims which are involved in this lawsuit arose out of a tractor-trailer accident which occurred on September 21, 1976 near Dingman's Ferry, Pennsylvania. A tractor-trailer being driven by Plaintiff's decedent, Richard Wayerski, was hit by a vehicle being driven by Richard K. Powers and owned by Evergreen Trucking Company. Another vehicle, owned by Daaquam Lumber Ltd., and driven by Raynald Collin was also involved. Wayerski died as a result of the accident.

His personal representative, Leroy Wanta and Charles Carew, owner of the vehicle Wayerski was driving, brought suit against Evergreen Trucking Co., Inc., Richard K. Powers, Eagle Can Company, North-East Salvage Co. and Mashkin Freight Lines, alleging that each of these Defendants was legally responsible for the accident, and lia-

ble in damages to the decedent, and to the owner of the rig which he was driving. Evergreen Trucking Co. and Richard K. Powers, as Third-Party Plaintiffs, brought a third-party complaint against Air Transport, Inc., pursuant to F.R.C. Proc. 14(a), in which they allege that when the accident occurred, Powers was operating Evergreen's truck under a lease agreement with Air Transport, under its interstate operating authority as granted by the Interstate Commerce Commission, and that Air Transport therefore is or may be liable over to the Third-Party Plaintiffs for all or part of the Plaintiff's claim against them. Air Transport now seeks to dismiss this complaint for failure to state a claim upon which relief can be granted.

The test most often applied to determine the sufficiency of a complaint was set out in the case of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, in which the Supreme Court stated that:

"[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 45–46, 78 S.Ct. at 102.[1]

■ Air Transport first contends that the Third-Party Plaintiff's complaint against them is defective because its allegations are insufficient to show that the Federal Court has jurisdiction over them, and that no connection is shown between the Laws of Pennsylvania and this Defendant. Third-Party claims must satisfy the requirement that the Court has jurisdiction over the subject matter. In this instance, the Third-Party Plaintiffs Evergreen and Powers are alleging the existence of a lease between the parties which was made in compliance with Interstate Commerce Commission Regulations. They are alleging that in accordance with these Regulations, Air Transport became liable to them for any judgment which might be rendered against them for any accident which occurred while they were operating under the terms of their lease with Air Transport. Since their claim therefore involves the interpretation and application of Interstate Commerce Commission Regulations, which are promulgated by the ICC under the authority vested in it by virtue of 49 U.S.C. § 304, we find that this Complaint involves a question which arises under an Act of Congress regulating commerce, and has an independent basis for subject matter jurisdiction in this Court.[2]

Defendant Air Transport next argues that the Third-Party Plaintiffs have failed to allege facts which would entitle them to maintain this Third-Party claim under the applicable Interstate Commerce Commission regulations. In order to bring a Third-Party Complaint under Rule 14(a), the Third-Party Plaintiff must allege facts which show that the Third-Party Defendant is liable to the Third-Party Plaintiff for all or part of the Plaintiff's claim against him.

Therefore, in order to establish their cause of action, Evergreen and Powers must show that Air Transport may be liable to them for any or all of Wanta's claim against them. Air Transport contends that under the ICC Regulations cited by the Third-Party Plaintiffs, Air Transport would become solely liable, and that Evergreen and Powers have not shown that there would be any liability on the part of Air Transport to Evergreen and Powers.

The Regulations involved here concern the lease of augmenting equipment by a certified common carrier and are found at 49 C.F.R. § 1057.4. They provide that authorized carriers may perform authorized transportation in or with equipment which they do not own only under certain specified conditions. There must be a written contract between the authorized carrier and the owner of the equipment, signed by the parties or their authorized employees or agents. Among other things, the contract must provide for the exclusive possession, control and use of the equipment, and for

---

1. See Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 600.

2. See 28 U.S.C. § 1337.

the complete assumption of responsibility in respect thereto, by the lessee for the duration of said contract, lease or other arrangement.[3] This mandatory lease provision has been held to create a statutory relationship between the parties in which " . . . the ICC carrier's liability for equipment and drivers covered by leasing arrangements is not governed by the traditional common law doctrine of master-servant relationships and respondeat superior." *Cosmopolitan Mutual Ins. Co. v. White*, 336 F.Supp. 92 (D.C.Del., 1962) as quoted in *Simmons v. King*, 478 F.2d 857, 867 (5th Cir. 1973). The *Simmons* case, also involved an accident between tractor-trailer rigs. King was the driver of the vehicle which rear-ended one being driven by Simmons. The rig which King was driving was owned by one company, but was being operated at the time of the accident under lease to another. The lease involved was in compliance with the applicable ICC Regulations. The Court in *Simmons* found that since the lessee assumed exclusive possession, control and use of the vehicle and responsibility to the public, then King became his statutory employee, and as such the lessee was vicariously liable as a matter of law for the negligence of King.

Third-Party Plaintiffs Evergreen and Powers suggest that the same principles should govern here. The original action was brought by Wanta against Evergreen and Powers, alleging that Powers' negligence was the cause of the accident. If this is found to be so, then Evergreen and/or Powers may be found liable to the original Plaintiff. As Third-Party Plaintiffs then, Evergreen and Powers allege that Air Transport by virtue of the ICC Regulations is fully responsible for the operation of the vehicle at the time the accident occurred, and therefore if any liability is found attributable to them, they are entitled to indemnity from Air Transport. Under these circumstances, we find that the Third-Party Plaintiffs have set forth sufficient allegations that if proven would establish that the Third-Party Defendants may be liable to them for any or all of the Plaintiffs claim against them, and their Complaint will not be dismissed on that ground.

Air Transport's final contention is that there is no substantive relationship between the allegations of the Third-Party Complaint and those of the original Complaint in this matter. However, such a relationship is not essential to the maintenance of a Third-Party claim under Rule 14. The rule has been liberally interpreted to allow Third-Party claims to be asserted even though they do not allege the same cause of action or the same theory of liability as the original Complaint. 3 Moore's Federal Practice Para. 14.07(1). For example, in *Judd v. General Motors Corp.*, 65 F.R.D. 612, the Court found that a Third-Party Complaint based on negligence could properly be brought in an action in which the main claim was based on strict liability in tort. Therefore, the fact that the basis for liability claimed in the Third-Party Complaint is not the same as that of the original Complaint, negligence, does not serve to bar the Third-Party claim.

For the above outlined reasons, we find the Third-Party Defendant's motion to dismiss the Third-Party Complaint for failure to state a claim upon which relief can be granted to be without merit, and it will therefore be denied.