In re ART SHIRT LTD., INC. (Cracker Barrel Dresses, Ltd. Bankruptcy No. 80–03429K Richard Todd, Inc. Bankruptcy No. 80–03430K), Debtor.

Louis W. FRYMAN, Esquire, Trustee of Art Shirt Ltd., Inc., Plaintiff,

v.

MANUFACTURERS HANOVER TRUST COMPANY, Defendant.

Bankruptcy No. 80–03428K.
Adv. No. 82–2359K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 18, 1983.

Leon S. Forman, David L. Braverman, Philadelphia, Pa., for defendant/Mfrs. Hanover Trust Co.

Gary M. Schildhorn and Steven T. Stern, Philadelphia, Pa., for Richard Schiro.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

We have before us a motion to dismiss a third party complaint filed by the third party defendant, Sidney L. Schiro. Mr. Schiro claims that joinder of him as a third party defendant in this adversary proceeding is improper under Federal Rule of Civil Procedure 14(a). Fed.R.Civ.P. 14. He also challenges the jurisdiction of this Court to hear the subject matter of the third party complaint under *Marathon*.[1]

For the reasons set forth in this Opinion, we will deny the motion to dismiss the third party complaint.

Art Shirt, Ltd., Inc. is the debtor in this Chapter 11 case, having filed a voluntary petition for relief on December 24, 1980.[2] A Trustee was appointed on January 27, 1981.

The Trustee filed the above-captioned adversary complaint against Manufacturers Hanover Trust Company ("defendant") on September 29, 1982, seeking to avoid a preferential transfer. The complaint alleges that the debtor's repayment of a loan to the defendant within the ninety (90) day period prior to the Chapter 11 filing constitutes a preference under Section 547 of the Bankruptcy Code ("Code").

The exact date that the alleged preference took place has not been determined, although the defendant's answer to the complaint states that:

"payment of approximately $650,000.00 by Art Shirt Ltd., Inc., to defendant on or about October 14, 1980 was made with funds contemporaneously provided by another creditor."

Counsel for the defendant filed a Motion for Leave to File a Third Party Complaint against Sidney L. Schiro on December 29, 1982, pursuant to Federal Rule of Civil Procedure 14(a).[3] The motion alleged that Mr.

---

1. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

2. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

3. Bankruptcy Rule 7014, formerly Rule 714 of the Rules of Bankruptcy Procedure, makes

Rule 14 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Fed.R.Civ.P. 14(a) states in relevant part:

"The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action."

Schiro was guarantor of the obligations of Art Shirt to the defendant, and that to the extent Art Shirt's payment may be a voidable preference, the defendant is entitled to look to Mr. Schiro, as guarantor, for full satisfaction of the underlying debt.

On January 11, 1983, this Court entered an Order granting the defendant leave to file the third party complaint against Mr. Schiro. On January 21, 1982, Mr. Schiro moved for reconsideration of the January 11th Order and for an extension of time within which to respond to the defendant's motion to file the third party complaint.

After a hearing on the issue on March 15th, we denied Mr. Schiro's motion for reconsideration and for an extension of time. The defendant's third party complaint against Mr. Schiro was subsequently filed on April 7, 1983. The issue of the propriety of the joinder of Mr. Schiro as a third party defendant has been raised by way of Mr. Schiro's motion to dismiss the third party complaint, which was filed on May 9, 1983.

We begin with the third party defendant's assertion that joinder is unwarranted here because there is no relationship between the underlying suit by the Trustee and the state law suretyship issue. The memorandum of law submitted by the third party defendant states:

"There is nothing *inherent* in the nature of these two disparate proceedings, which requires a third party action. The principal action is a bankruptcy trustee's effort to prove a voidable preference. This is not a matter which concerns the same circumstances incident to the payee's claim against the Third Party Defendant: i.e., to be reimbursed for any loss which may be sustained by reason of a guarantee." (emphasis added)

We find this argument unpersuasive for two (2) reasons. First, there is no requirement in Rule 14(a) of the Federal Rules of Civil Procedure that there be an inherent relationship between the two (2) causes of action:

"... such a relationship is not essential to the maintenance of a Third-Party claim under Rule 14. The rule has been liberally interpreted to allow Third-Party claims to be asserted even though they do not allege the same cause of action or the same theory of liability as the original Complaint."

*Wanta v. Powers,* 478 F.Supp. 990, 993 (M.D.Pa.1979). The appropriate circumstances for joinder of a third party are provided in Rule 14(a):

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ These circumstances are met here. Furthermore, joinder of Mr. Schiro is consistent with the policy aim of Rule 14. The general purpose of Rule 14 is to avoid two (2) actions which should be tried together to save the time and cost of reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third party defendant. *Jones v. Waterman S.S. Corporation,* 155 F.2d 992, 997 (3d Cir.1946).

■ The second reason why we believe that these two (2) causes of action should be heard simultaneously is that, contrary to Mr. Schiro's assertion, there is something *inherent* in the nature of these two (2) proceedings, which we will explain by examining applicable bankruptcy law on preferences.

In *In re Herman Cantor Corporation,* 15 B.R. 747 (E.D.Va.1981), the bankruptcy court faced a similar question of joinder of a third party defendant who had pledged certain investment certificates to secure loans made by a third party to the debtor corporation. The underlying suit was the debtor's complaint to avoid a preferential transfer of money against Central Fidelity Bank, N.A. ("CFB"). CFB in turn filed a

third party complaint against Dena Cantor, the pledgor of the certificates.

The Court found that joinder of Dena Cantor as a third party defendant was proper, stating:

"Although a surety usually is discharged by payment of a debt, he continues to be liable if the payment constitutes a preference under bankruptcy law. A preferential payment is deemed by law to be no payment at all. *Horner v. First National Bank,* 149 Va. 854, 141 S.E. 767, 770 (1928)."

*In re Herman Cantor Corp., supra* at 750.

The Court also found that the debtor's repayment of the loan to CFB within ninety (90) days prior to the Chapter 11 filing, resulted in an indirect preference to the pledgor, Dena Cantor. *Id.* at 749. The reasoning employed by the Court was that the debtor's repayment of the loan benefited the pledgor because it discharged the contingent debt. *Id. See Fenold v. Green,* 175 F.2d 247, 249 (2d Cir.1949). If CFB's loan had not been repaid by the debtor, CFB would have been entitled to the investment certificates pledged by Dena Cantor and she would have been able to sue the debtor to recover her loss as a surety. The debtor, however, paid CFB the value of its loan and relinquished the certificates to Dena Cantor. By this action, Dena Cantor may have received more than she would have been entitled to receive if this case were under Chapter 7, with the end result being a preference over other creditors of the estate. 11 U.S.C. § 547(b)(5).

Other cases have similarly held that a guarantor or surety is a creditor[4] of the estate who may be preferred within the meaning of section 547 of the Code. *See, e.g., In re Church Buildings and Interiors, Inc.,* 14 B.R. 128 (W.D.Okla.1981); *In re Duccilli Formal Wear, Inc.,* 24 B.R. 699, 8

B.C.D. 1180, 1183 (S.D.Ohio 1982); *Paper v. Stern,* 198 F. 642, 644 (8th Cir.1912).

Collier has stated that:

"A guarantor or surety for the debtor, or an endorser of his notes or checks, will be a creditor under the Code because he will hold a contingent claim against the debtor that becomes fixed when he pays the creditor whose claim he has guaranteed or insured. Consequently, any transfer of property made by a debtor to or for the benefit of an endorser, guarantor or surety, may constitute a preference. Accordingly, any payment made by the debtor-maker to the holder of his notes may be a preference to the endorser, even though the endorser himself is solvent and did not procure the payment...."

4 Collier on Bankruptcy ¶ 547.18 at 547.62 (15th ed. 1982).

In conclusion, there is ample authority for allowing Mr. Schiro to be joined as a third party defendant in this matter. Mr. Schiro's liability may be established by reference to applicable bankruptcy law principles as well as state law principles on suretyship.

It is not clear at this juncture whether there is a factual dispute concerning Mr. Schiro's guarantee of the debtor's obligations to Manufacturers Hanover Trust Company.[5] However, should this Court determine that a state law issue is involved, over which this Court does not have jurisdiction, we will submit proposed findings, conclusions and a proposed judgment to the United States District Court in accordance with paragraph (d)(3)(A) of the Interim Rule for the Administration of the Bankruptcy System.[6]

We note that the term "related proceedings" under the Interim Rule expressly does

---

**4.** Pre-code cases recognized that a guarantor was a "creditor" under § 60 of the Bankruptcy Act. The Code does not alter this rule, as one who holds a contingent right to payment is a "creditor" as defined by Code § 101(9).

**5.** Mr. Schiro has not filed an answer to the third party complaint.

**6.** See Order executed by the United States District Court for the Eastern District of Pennsylvania adopting rule for the Administration of the Bankruptcy System (December 21, 1982; amended December 29, 1982), upheld in *Coastal Steel Corporation v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 200 (3d Cir.1983).

not include proceedings, such as the instant adversary matter, to set aside preferences.

Therefore, we will enter an appropriate Order denying the motion to dismiss the third party complaint.