**LADD et al. v. PERRY.**

**No. 4274.**

Circuit Court of Appeals, Seventh Circuit.

April 23, 1930.

Walter T. Gunn, of Danville, Ill., for appellants.

Leal W. Reese, of Taylorville, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

In the former appeal of this case, this court affirmed the decision of the lower court in setting aside the transfer of the farm in question from the bankrupt to his son, who is the appellant herein. The cause was remanded, however, for the purpose of determining what, if anything, was due appellant by way of consideration paid or delivered by him to bankrupt; and also what, if anything, appellant had expended by way of improvements on the land. Ladd v. Perry (C. C. A.) 28 F.(2d) 975, 976.

The court in that case used the following language:

"The amount that was paid for the house and improvements is left by the evidence in most confused and uncertain state. * * *. It does not follow that the amount actually paid is what should be awarded. * * * It should be such an amount, or rather such proportion, as the improvements are shown to have enhanced the value of the farm at the time of final decree in the cause. But, whatever it is, it should, if established, be awarded the son as a condition of setting aside the conveyance.

"It should also be ascertained, with reasonable definiteness, how much, if anything,

he paid after the conveyance for principal and interest on the outstanding mortgage on the farm, and this should likewise be refunded to him as a condition of the reconveyance. If, upon receiving the conveyance, he paid his father a cash sum of $500, this should likewise be returned to him.

"The notes for $3,000 which the son claims to have given the father as part consideration for the conveyance, and which notes passed to the trustee in bankruptcy as part of the father's estate, should likewise, as a condition of cancellation, be ordered canceled and returned to the son.

"The notes for $3,000 alleged by the son to have been given to his mother for part consideration of the conveyance, cannot be definitely dealt with unless the mother is made a party to the bill. This should be done; and if, upon hearing, it is concluded that there are such notes, and that they should be delivered up and canceled, it would doubtless be with condition that the mother be restored to whatever rights, such as dower and homestead, she may have had in the farm just prior to her joining in the deed to the son.

"If, upon the accounting, it should appear that the father has claims against the son which should be applied in reduction of whatever is found to be due the son on account of such improvements or payments by him, they may be applied accordingly in reduction of such claims of the son.

"Respecting the note for $5,132 from the father to the son, this, if established, should be ordered delivered to the son, or restored by decree of court, in case it has become lost or destroyed, and the son be given reasonable time, following the entry of final decree in this cause, for presenting to the trustee in bankruptcy such note, and any other claim against the bankrupt, not adjudicated in this suit, for consideration and disposition by the bankruptcy court.

"The son shall account for the reasonable rents and profits of the farm from the date of the deed, but as against such rents and profits accruing prior to the filing of the petition in bankruptcy, there should be set off any indebtedness shown against the bankrupt father in favor of the son."

■ After hearing considerable testimony, the lower court entered a decree, passing specifically upon each item and claim referred to in the opinion of this court, allowing some and disallowing others, and finding upon the whole case that there is a balance due from appellant to appellee in the sum of $1,391.83. In all respects the lower court has complied with the instructions of this court. No questions of law are involved in this appeal, and we cannot disturb the facts as found, as there was some evidence to support each.

■ The assessment of costs is largely within the discretion of the court, provided this discretion is not exercised in an arbitrary or capricious manner. In view of all the circumstances surrounding this case, we cannot say that the court's discretion was abused.

Decree affirmed.