388 F.2d 771
 UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
R. S. PERKINS, Ruby A. McGee, PLS Company, a joint venture composed of R. S. Perkins and Ruby A. McGee, John C. Moran, Cooper Burks, the American State Bank, a corporation, Security National Bank, a corporation, Howe Sound Company, a corporation, Murray Director Affiliates, Inc., a corporation, Frank Farris and Lloyd J. Durensky, Appellees (two cases).
 No. 9522.
 No. 9523.
 United States Court of Appeals Tenth Circuit.
 February 5, 1968.
 
 David H. Sanders, Tulsa, Okl., and Gus Rinehart, Oklahoma City, Okl., (Rinehart & Morrison, Oklahoma City, Okl., and Sanders, McElroy & Whitten, Tulsa, Okl., of counsel, on the brief) for appellant.
 Coleman H. Hayes, of Monnet, Hayes, Bullis, Grubb & Thompson, and John H. Cantrell, of Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Okl., (V. P. Crowe and Wm. J. Holloway, Jr., of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., on the brief) for appellees. P. M. Williams, Oklahoma City, Okl., filed brief for appellee, Cooper Burks.
 Before WOODBURY*, LEWIS and HICKEY, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 These are consolidated appeals in cases originating from Miller Act actions, 40 U.S.C. §§ 270a and 270b. No. 9522, Flint,[1] reaches us for the second time. Our first consideration in Flint arose under Rule 54(b), Fed.R.Civ.P., upon an appeal by United States Fidelity & Guaranty Company from an order of the District Court for the Western District of Oklahoma vacating an earlier order allowing the filing of a third-party complaint against appellees, quashing the service of summons upon them, and dismissing the complaint and third-party action. We affirmed, holding that a third-party action would not lie in favor of the Miller Act defendant, U.S.F. & G., who sought to assert a third-party claim against appellees for indemnification and other relief under a performance bond when the principal suit was on a Miller Act payment bond. United States Fidelity & Guar. Co., v. American State Bank, 10 Cir., 372 F.2d 449. Legally identical pleadings had been filed by appellant and appellees in Southwestern and rulings upon the appellees' motions had been held in abeyance pending disposition of the 54(b) appeal in Flint. The present appeals are severally premised upon the contention that the trial court thereafter erred in refusing to allow appellant to amend either of its complaints to effectuate third-party claims of indemnification for alleged losses arising solely under the payment bond. We affirm in both cases.
 
 
 2
 Our opinion in Flint was filed February 10, 1967. The parties accepted the decision of the court and the appellate judgment became final in twenty days under this court's Rules 24 and 27 (now Rules 25 and 26). The mandate was issued ministerially thereafter. On February 27, appellant moved the trial court ex parte for leave to amend under Rule 15 and the motion was set for hearing on March 13. Each of appellant's motions was denied by the court on March 21. At such time each of the use plaintiffs had obtained a final judgment against appellant in the primary Miller Act suits and Southwestern's judgment had been satisfied by appellant.
 
 
 3
 Appellant's principal contention in Flint is that an absolute right to amend existed under Rule 15(a) because its original answer and third-party complaint were filed together, making leave of court unnecessary under Rule 14(a), and appellees have never filed a responsive pleading. We consider such an interpretation of the scope of Rule 15(a) to be much too broad and, to the contrary, hold that under the circumstances of this case appellant could no longer amend its pleading as a matter of course after electing to stand upon its allegations and perfect an appeal under Rule 54(b). To allow amendments as a matter of right after appeal from and affirmance of an order dismissing a complaint and action would serve to encourage frivolous appeals and leave the appellate judgment to serve as little more than an educational sounding board. Here, appellant moved to amend its pleading on February 27 at which time jurisdiction in the case rested solely in this court. When this court's mandate issued without specific leave to amend, the judgment of dismissal became final. Rule 15 motions were not entertainable, Knox v. First Security Bank of Utah, 10 Cir., 206 F.2d 823, and the trial court properly recognized the imperative of the mandate. See Britton v. Dowell, Inc., 10 Cir., 243 F.2d 434.
 
 
 4
 The procedural background in Southwestern is somewhat different. In this case appellant's third-party complaint was not filed within ten days after answer and thus required leave of court under Rule 14(a). This was obtained but appellant's right to amend was dependent on the continued vitality of the complaint. On March 21, after hearing, the district court vacated its order allowing the lodging of the third-party complaint. Our inquiry is then directed to a consideration of whether the trial court abused its discretion in such regard.
 
 
 5
 Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation. The simple fact that the main claim and the third-party claim flow from the background of the Miller Act is not determinative, United States Fidelity & Guar. Co. v. American State Bank, supra, 372 F.2d at 450, although such fact may be a cohesive factor as in Limerick v. T. F. Scholes, Inc., 10 Cir., 292 F.2d 195. The practical limitations inherent in Rule 14(a) as reflected from much case law are noted in Barron and Holtzoff, Federal Practice and Procedure, Vol. 1A, p. 647:
 
 
 6
 "Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third-party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed."
 
 
 7
 The issues presented by appellant's proposed amended third-party complaint were in no way the issues involved in the main case. As we have stated, the issues in the main case had been resolved and a final judgment entered and satisfied. The amount of the judgment was $39,382.77 plus costs and attorneys' fees. The third-party claim was for $398,763.15 arising from 139 separate claims of loss under the bond with indemnification claimed from appellees as implied in law resulting from ex maleficio deeds fraudulently inducing appellant to issue its bond. See our earlier opinion at p. 450. The federal forum offered no exclusive or natural convenience for in fact appellant's claims were filed and pending in a Kansas state court suit. Under these circumstances the trial court did not abuse its discretion in refusing to allow the terminated main case to mushroom in all directions.
 
 
 8
 Appellant's alternative argument in Flint that, if no absolute right to amend existed, the court abused its discretion requires no separate discussion.
 
 
 9
 The cases are severally affirmed.
 
 
 
 Notes:
 
 
 *
 Of the First Circuit, sitting by designation
 
 
 [1]
 The use plaintiff, Flint Steel Corporation. In No. 9523 the use plaintiff was Southwestern Roofing and Sheet Metal Company, hereinafter referred to as Southwestern U.S.F. & G. was a defendant in both cases