In re Liza **CHONG**, also known as Liza W. G. Chong, also known as Chong Wah Goon, also known as Liza Wah Goon Chong, also known as Liza Tang, also known as Elizabeth Tang, Debtor.

Mitchell K. **NG** and Lou Hon Wing, Plaintiffs,

v.

Bernard **PACHECO** and Scott Nakagawa, Defendant and Trustee.

Bankruptcy No. 80–0037.

United States Bankruptcy Court, D. Hawaii.

June 15, 1981.

Connie G. W. Meredith, Honolulu, Hawaii, for plaintiffs.

Ignacio R. Garcia, Honolulu, Hawaii, for Pacheco.

Philip Doi, Honolulu, Hawaii, for defendant and trustee.

FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER REGARDING JURISDICTION AND ABSTENTION

JON J. CHINEN, Bankruptcy Judge.

The issue before this Court is whether or not this Court should retain jurisdiction over the dispute between Plaintiffs, Mitchell K. Ng and Lou Hon Wing, and Defendant Bernard Pacheco. A hearing was held on May 26, 1981 at which time Connie Meredith represented Mr. Ng and Mr. Wing and Ignacio Garcia represented Bernard Pacheco. Also present were Don Jeffrey Gelber and Philip Doi who represented Scott Nakagawa, the Trustee.

Based upon the memoranda and records herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. Plaintiffs Mitchell K. Ng and Lou Hon Wing, hereinafter "Plaintiffs", commenced the instant adversary proceeding on June 18, 1980, with the filing of a Complaint To Surrender Property and For Damages against Bernard Pacheco, hereafter "Pacheco", and Scott Nakagawa, the Trustee of the above-named debtor, hereafter "Trustee". In said complaint, Plaintiffs attacked the transfer of certain real property from Hawaii-West, Inc., a corporation wholly-owned by Pacheco, to the Trustee, who now holds such title, and sought to have the property transferred from the Trustee to Plaintiffs. Plaintiffs also sued for damages.

2. On December 8, 1980, the Trustee filed a Motion to Dismiss in the instant action. Hearing on the Motion was held on January 23, 1981, and the Court took the Motion under advisement.

3. On April 27, 1981, prior to the rendering of a decision on the Motion to Dismiss, Plaintiffs filed a Motion to Amend Complaint. The Motion to Amend Complaint proposed to add allegations of fraud regarding Pacheco, but did not alter the claims against the Trustee.

4. On May 22, 1981, the Court entered its Findings of Fact and Conclusions of Law with respect to the above-mentioned Motion to Dismiss. Said Findings of Fact and Conclusions of Law stated, in part, that "the allegations [of the Plaintiffs' Complaint] do

not set forth a cause of action against the Trustee," and that "a judgment dismissing Plaintiff's Complaint with prejudice with respect to the Trustee with be signed upon presentment." The Court found that the property situated at 6009 Kalanianaole Highway, Honolulu, Hawaii, had been properly conveyed to the Trustee.

5. Since the dismissal of the Trustee as a defendant, the Trustee and the estate are no longer involved in the subject cause. The only issue remaining is a claim for damages against Pacheco.

## CONCLUSIONS OF LAW

1. The Bankruptcy Court has expanded jurisdiction under 28 U.S.C. § 1471, which reads as follows:

§ 1471. Jurisdiction

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

2. While subsections 1471(a) and (b) are broad in scope, the mere assertion that the action has some relation to the debtor or to property of the estate of the debtor is not sufficient to invoke the jurisdiction of the Bankruptcy Court. Collier has stated the following common sense test to determining the extent of the Bankruptcy Court's jurisdiction:

[T]here must be some reasonable nexus between a particular civil proceeding and the title 11 case to bring that proceeding within the section 1471(b) grant of jurisdiction. This is not to delimit or erode the Congressional intent to grant comprehensive jurisdiction to the bankruptcy court; it is, however, to suggest that there is a limited class of civil proceeding the nature of which is such that there is no logical connection of any kind between that proceeding and the title 11 case. Those cases fall without the comprehensive grant of jurisdiction of section 1471. 1 *Collier on Bankruptcy* ¶ 3.01, at 3–46 (15th ed. 1980).

3. In the instant proceeding, the original Complaint named the Trustee of the estate of the debtor as a defendant and prayed that the Trustee be required to convey the property in question to the Plaintiffs. At that stage of the proceeding, there is no doubt that the action had a "reasonable nexus" to the bankruptcy case.

4. At the present time, however, the Trustee has been dismissed from the case with prejudice and it is no longer possible for Plaintiffs to obtain relief regarding the real property which this Court has determined is properly a part of Debtor's estate.

5. Thus, there is no longer any "reasonable nexus" or nexus of any kind which would serve as a logical connection between the instant proceeding and the bankruptcy case. The remaining issues do not involve the debtor or property of the estate. Plaintiffs are merely seeking damages against Pacheco for common law fraud, and that claim should be determined in State Court.

6. Even if this court determines that jurisdiction continues to exist under Section 1471(b), Section 1471(d) allows the court to

"abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11".

7. Since the dispute between Plaintiffs and Pacheco involve only claims for damages against Pacheco, in the interest of justice and judicial economy, this Court hereby abstains from hearing the dispute between Plaintiffs and Pacheco.

IT IS HEREBY ORDERED that pursuant to section 1471(d) this Court will abstain from this adversary proceeding involving the Plaintiffs and Pacheco.