EASTMAN CHEMICAL INTERNATION-
AL, LTD., Plaintiff,

v.

VIRGINIA NATIONAL BANK, Defend-
ant and third-party plaintiff,

v.

OLYMPÏC FIBERS, S. A., Third-party
defendant.

No. Civ.–2–81–67.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 5, 1981.

William T. Gamble, Kingsport, Tenn., for
plaintiff.

Robert L. O'Donnell, Branden Vandeven-
ter, John B. King, Jr., Norfolk, Va., Walter
L. Price and Stephen E. Fox, Johnson City,
Tenn., and Susan Emery McGannon, Nash-
ville, Tenn., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recom-
mended that the motion of the third-party
defendant Olympic Fibers, S. A. (Olympic),
for a dismissal of the third-party claim
against it herein for lack of this Court's
jurisdiction of its person, Rule 12(b)(2), Fed-

eral Rules of Civil Procedure, and for a dismissal under the doctrine of *forum non conveniens,* be denied. 28 U.S.C. § 636(b)(1)(B). Having considered the 6 timely written objections of Olympic to such recommendation, the undersigned judge hereby

ACCEPTS the recommendation. 28 U.S.C. § 636(b)(1)(C).

Only 4 comments by the Court seem appropriate:

■ Olympic contends, first, that the magistrate failed to consider the discretionary nature of the third-party claim herein. It is true that whether a third-party claim should be allowed to proceed is committed to the discretion of the court. However, under the Federal Rules of Civil Procedure the rights of all parties to the controversy should generally be adjudicated in a single action. *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander,* C.A. 6th (1969), 414 F.2d 143, 146[1].

■ Furthermore, one of the purposes of Rule 14 of those Rules is to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically; the aim of such rule is the facilitation not the frustration of decisions on the merits. *Idem.* Of course, the foregoing interests must be weighed against any unnecessary complication of the action and any prejudice that might result to the third-party defendant. *See* 6 Wright & Miller, Federal Practice and Procedure: Civil 210–211 § 1443. But, the record herein fails to demonstrate that allowance of the third-party claim would unnecessarily complicate this action or that the inconvenience which Olympic might suffer in defending in this forum would be of significant prejudice to it.

The third-party claim appears rather simple and straight-forward. There would appear to be no reason why the parties could not stipulate many of the pertinent facts, *see* Local Rule 14, and depositions of the "foreign" witnesses could be taken and offered at trial for proof. *See* Rule 32(a)(3), Federal Rules of Civil Procedure. If, however, it should result at any time during the course of these proceedings that Olympic will be significantly prejudiced by being forced to litigate in this Court, the Court will take what steps it deems necessary to alleviate such prejudice.

■ The undersigned finds no merit in the contention that the magistrate erred in failing to find specifically that the third-party plaintiff had the burden of establishing jurisdiction over the person of the third-party defendant. Implicit in the report of the magistrate is his determination that the plaintiff established at least a *prima facie* case of such jurisdiction. *See Welsh v. Gibbs,* C.A. 6th (1980), 631 F.2d 436, 438–439[1, 2].

Neither does the Court fault the magistrate in his ultimate conclusion that this Court may exercise personal jurisdiction over the third-party defendant. " * * * .Though *Southern Machine*[*] provides a framework of analysis, it cannot be mechanically applied; a case does not automatically warrant dismissal because its facts do not fit the pattern of *Southern Machine* [and its progeny] * * *." *Welsh v. Gibbs, supra,* 631 F.2d at 440[4].

The magistrate correctly considered Olympic's Tennessee contacts in connection with its underlying contract with the plaintiff. *See Southern Iowa Manufacturing Co. v. Whittaker Corp.,* 404 F.Supp. 630, 632[1]. Under all the circumstances, the undersigned believes Olympic has such minimum contacts with the state of Tennessee that the maintenance of the third-party claim herein would not offend traditional notions of fair play and substantial justice. Such is the ultimate test. *Rush v. Savchuk* (1980), 444 U.S. 320, 327, 100 S.Ct. 571, 62 L.Ed.2d 516, 524[2].

■ The undersigned agrees with the magistrate also that this action should not be dismissed under the doctrine of *forum non conveniens.* Having weighed the relative advantages and obstacles to a fair trial in this district of the third-party claim here-

---

* *Southern Machine Co. v. Mohasco Industries,* *Inc.,* C.A. 6th (1968), 401 F.2d 374.

in, the Court is not convinced that "* * * the balance is strongly in favor of the [third-party] defendant * * *." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055, 1062 (headnote 4).

As between Olympic and the third-party plaintiff, the advantages to each party to try this claim in its home-forum would be about equal, and Olympic has not demonstrated a substantial disadvantage if forced to trial in this district. *See Olympic Corporation v. Societe Generale*, C.A.2d (1972), 462 F.2d 376, 378–379[2]. The third-party claim herein is not entirely a foreign controversy between citizens of the same foreign country where the relevant transactions took place in such country, with the witnesses located there and governed by the law of that foreign state. *Cf. ibid.*, 462 F.2d at 379[4, 5].

The motion of the third-party defendant Olympic Fibers, S. A. for a dismissal of this action hereby is

DENIED.