**In re Carl HALL, Debtor.**

**Carl HALL, Plaintiff,**

v.

**JET TELEVISION RENTAL, INC., Defendant.**

Bankruptcy No. 381–00451.
Adv. No. 382–0198.

United States District Court,
M.D. Tennessee.

April 20, 1983.

**800**

Margaret Behm, Nashville, Tenn., for debtor.

Russell H. Hippe, Jr., Nashville, Tenn., for defendant.

1. A synopsis of this proceeding is necessary to understand its present procedural posture. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982), the United States Supreme Court found the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) of the Bankruptcy Reform Act of 1978 unconstitutional. Although this opinion was issued on June 28, 1982, the court ultimately stayed its judgment until December 24, 1982. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 103 S.Ct. 199–200, 74 L.Ed.2d 160 (1982). After the Supreme Court decided not to extend this stay beyond December 24, *see* 51 U.S.L.W. 2382, this court adopted as Administrative Order No. 28 the "emergency rule" promulgated by the Judicial Conference of the United States which in essence conveyed to the bankruptcy judges of this district the authority to act in bankruptcy cases or proceedings until Congress enacted appropriate remedial legislation in response to the *Northern Pipeline* decision.

Subsequently, in considering a motion to dismiss an adversary proceeding initiated in the

REPORT AND NOTICE

GEORGE C. PAINE, II, Bankruptcy Judge, Standing Master.

Pursuant to Federal Rule of Civil Procedure 53(e)(1), the Standing Master submits this proposed order or judgment, including any required findings of fact and conclusions of law, to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order or judgment be approved. Notice is hereby given that all parties in interest have ten days within which to file objections to this Report with the Bankruptcy Court Clerk designated under Administrative Rule No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.

MEMORANDUM

JOHN T. NIXON, District Judge.

This matter is before the court on the debtor's complaint alleging that the defendant Jet Television Rental has committed various violations of the Tennessee Retail Instalment Sales Act and the Tennessee Consumer Protection Act.[1] The defendant has filed a motion to dismiss this adversary

bankruptcy court pursuant to the *Northern Pipeline* decision, Chief Judge L. Clure Morton held that "in all cases and proceedings filed pursuant to title 11 of the Code and pending in the court of bankruptcy after the effective date of the Supreme Court decision, the non-Art III bankruptcy judges may not constitutionally exercise any of the jurisdiction or power conferred upon them by the 1978 Act." *Walter E. Heller & Co. v. Matlock Trailer Corp.,* 27 B.R. 318, 326 (M.D.Tenn.1983). The court further found that the "emergency rule" represented "little less than an unconstitutional abdication of the judicial function depriving the parties of a determination by this court on the basic issues involved in this litigation." *Id.* at 328. *But see White Motor Corp. v. Citibank,* 704 F.2d 254, 261–64, No. 82–3638, slip op. at 15–21 (6th Cir. April 1, 1983). The court then rereferred the *Matlock* bankruptcy case and adversary proceeding to the United States bankruptcy judges for this district pursuant to Federal Rule of Civil Procedure 53. The court appointed the bankruptcy judges special masters under Rule 53 on the basis that exceptional conditions existed which included "the unanticipated

proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable in bankruptcy proceedings by Bankruptcy Rule 712(b), on the basis that the debtor's complaint fails to state a claim upon which relief can be granted. Upon consideration of the briefs of the parties, stipulations, evidence presented at the hearing and the entire record, this court concludes that this proceeding must be dismissed for lack of subject matter jurisdiction.

The following shall represent findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The debtor Carl Hall filed a Chapter 13 petition in this court on February 12, 1981. The debtor's Chapter 13 plan, which was scheduled to continue for 36 months, was confirmed on April 7, 1981. The defendant was neither listed as a creditor of the debtor nor included in the debtor's Chapter 13 plan. Less than two weeks after the confirmation of the debtor's plan, the debtor entered into a contract with the defendant to rent, with an option to purchase, a used Magnovox television.[2] The debtor continued making periodic payments under this contract until February 8, 1982, when he informed his bankruptcy attorney that he had entered into this contract and that the defendant was now seeking possession of the television because of several missed payments. The debtor's attorney thereafter initiated this adversary proceeding.

■ After a review of the history of this case and proceeding, this court is compelled to dismiss this adversary proceeding for lack of subject matter jurisdiction. Although the defendant has not raised the jurisdictional issue in his motion to dismiss, this court clearly has the power to address this issue on its own motion. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinea,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492, 501 (1982); *Ramey Construction Co. v. Apache Tribe of Mescalero Reservation,* 673 F.2d 315, 318 (10th Cir.1982); *Citizens Concerned for Separation of Church and State v. City and County of Denver,* 628 F.2d 1289, 1297 (10th Cir.1980), *cert. denied* 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979); *United States v. Durensky,* 519 F.2d 1024, 1029 (5th Cir.1975); Fed.R.Civ.P. 12(h)(3).

■ In his complaint, the debtor alleges that this court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1471.[3] Section 1471(b) specifically provides that the district court shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in

unconstitutionality of the grant of power to bankruptcy judges contained in section 241(a) of the Bankruptcy Act of 1978; the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; the availability of specialized expertise necessary for the expeditious handling of bankruptcy matters; and the fact that the bankruptcy judge who initially handled these matters is far more familiar with this litigation than is this court." *Id.* at 328.

This court thereafter revised Administrative Order No. 28 to, among other things, appoint the bankruptcy judges for the Middle District of Tennessee standing masters pursuant to Rule 53(a) "to assist the district court in the administration of cases commenced under Title 11 of the United States Code, and in the disposition of civil proceedings arising under Title 11 or arising in or related to cases under Title 11." *In re Administration of the Bankruptcy System,* Adm.Order No. 28–3, at 1 (M.D.Tenn. March 1, 1983). Pursuant to Administrative Order No. 28–3 and the decision in *Heller,* this court referred this proceeding to United States Bankruptcy Judge George C. Paine, II, in his tempo-rary capacity as standing master for this district on March 9, 1983. The proceeding is now before this court for review of the report submitted by the standing master.

2. The debtor's rental of this television may very well have violated the provision of his Chapter 13 plan which expressly enjoins him from incurring any debts without the prior approval of the bankruptcy court. Nothing in the record indicates that the debtor in this case sought such approval.

3. The debtor also cites 11 U.S.C. § 105 and 11 U.S.C. § 541 as bases for jurisdiction in this court. Neither of these statutes, however, are sources for jurisdiction. Section 105 merely grants the court the power to issue any order, process or judgment which is necessary to carry out the provisions of Title 11 whereas § 541 simply defines what constitutes property of the debtor's bankruptcy estate. *See* 11 U.S.C.A. § 105 (West 1979); 11 U.S.C.A. § 541 (West 1979).

or related to cases under title 11." 28 U.S.C.A. § 1471(b) (West 1979).[4] This jurisdictional grant has been described as both "pervasive," *Young v. Sultan Ltd. (In re Lucasa International, Ltd.)*, 6 B.R. 717, 719 (Bkrtcy.S.D.N.Y.1980), and "broad" in scope, *Westinghouse Credit Corp. v. Yeary (In re Brothers Coal Co.)*, 6 B.R. 567, 570–571 (Bkrtcy.W.D.Va.1980). This grant is not, however, boundless. As one leading commentator has explained, the language of § 1471(b) contemplates the existence of some "nexus between the civil proceeding and the title 11 case" in order for a court of bankruptcy to possess subject matter jurisdiction over the proceeding. 1 L. King, Collier on Bankruptcy ¶ 3.01, at 3–48 to 3–49 (15th ed. 1982). *See also Crown Central Petroleum Corp. v. Wechter (In re General Oil Distributors, Inc.)*, 21 B.R. 888, 892 n. 13 (Bkrtcy.E.D.N.Y.1982); *Wegmans Food Markets, Inc. v. Scrimpsher*, 17 B.R. 999, 1005 (Bkrtcy.N.D.N.Y.1982); *Murdock v. Allina (In re Curtina International)*, 15 B.R. 993, 995 (Bkrtcy.S.D.N.Y.1981); *Maddox v. United States (In re Lunsford)*, 12 B.R. 762, 764 (Bkrtcy.M.D.Ala.1981); *Ng v. Pacheco (In re Chong)*, 12 B.R. 255, 257 (Bkrtcy.D.Hawaii 1981); *Mazur v. U.S. Air Duct Corp.*, 8 B.R. 848, 851 (Bkrtcy.N.D.N.Y.1981); *Universal Profile, Inc. v. Atlanta Federal Savings and Loan Association*, 6 B.R. 190, 6 B.C.D. (C.R.R.) 919, 919–921 (Bkrtcy.N.D.Ga.1980). Although interpretations vary as to the actual extent of the bankruptcy court's jurisdiction under § 1471(b), perhaps the best measuring device is whether the proceeding has *"any effect on the estate* being administered in bankruptcy." (emphasis in original). *Mazur v. U.S. Air Duct Corp.*, 8 B.R. at 851. *See also Crown Central Petroleum Corp. v. Wechter (In re General Oil Distributors, Inc.)*, 21 B.R. at 892 n. 13; 1 L. King, Collier on Bankruptcy, *supra* ¶ 3.01, at 3–49.

■ In the present case, the defendant is not a creditor under the debtor's Chapter 13

plan nor is the resolution of this proceeding critical to the debtor's completion of his plan. Even though the debtor's cause of action against the defendant is considered property of the bankruptcy estate, *see* 11 U.S.C.A. § 1306(a) (West 1979), this court does not possess jurisdiction to resolve such an action unless its outcome will in some way affect the viability of the debtor's Chapter 13 plan. To hold otherwise would make this court the repository for every cause of action accruing on behalf of the debtor during the life of the Chapter 13 plan, which in some cases may be as long as five years. While the jurisdictional provisions of the Bankruptcy Code are necessarily broad, they do not and should not encompass proceedings which have no effect upon the ultimate resolution of the debtor's bankruptcy case.

This court accordingly will enter an order dismissing this proceeding for lack of subject matter jurisdiction.

IT IS, THEREFORE, SO ORDERED.

---

4. This court has previously stated its opinion that the provisions of § 1471 which "initially vest jurisdiction in the district courts, remain intact, and that all jurisdiction in cases and related proceedings in bankruptcy is vested in the district court." *Walter E. Heller & Co. v.*

*Matlock Trailer Corp.*, at 321. *See also White Motor Corp. v. Citibank*, at 259–261, slip op. at 10–15. For the purposes of this hearing, this court assumes that it possesses the broad jurisdictional grant defined in § 1471(b).