**In re H & S TRANSPORTATION COMPANY, INC., Debtor.**

**C. Bennett HARRISON, Jr., Trustee, Plaintiff,**

v.

**HELENA FUEL & HARBOR SERVICE, INC., Defendant,**

**and**

**M/V Margaret Brent and M/V Volunteer State, Third Party Defendants.**

**Bankruptcy No. 381–02803.**
**Adv. No. 382–0666.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 18, 1983.

C. Bennett Harrison, Jr., Nashville, Tenn., Trustee.

Wm. Caldwell Hancock, Nashville, Tenn., for trustee.

Warren Ashley Hines, Greenville, Miss., Harry D. Lewis, Nashville, Tenn., for Brent Towing Co.

Jerome C. Hafter, Greenville, Miss., Wesley D. Turner, Nashville, Tenn., for Helena Fuel & Harbor Service.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion of Brent Towing Company, Inc. (hereinafter "Brent"), as claimant of the M/V Margaret Brent, to dismiss the third party complaint of Helena Fuel & Harbor Service, Inc. (hereinafter "Helena") on the grounds that this court lacks subject matter jurisdiction. This adversary proceeding was initiated by the trustee to recover several preferential transfers from Helena pursuant to 11 U.S.C.A. § 547(b) (West 1979).[1] Helena subsequently filed the third party complaint at issue against the M/V Margaret Brent to obtain a maritime lien against the vessel if these transfers are determined to be preferential. Helena has also filed a motion to transfer venue of its complaint to the Northern District of Mississippi if this court does not possess jurisdiction. After consideration of the evidence presented at the hearing, stipulations, exhibits, briefs of the parties and the entire record, this court concludes that Helena's third party complaint should be dismissed and its motion to transfer venue denied.

The following shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

■ Initially, the court would observe that it lacks subject matter jurisdiction over the defendant Helena's cause of action. A court of bankruptcy's subject matter jurisdiction is defined by 28 U.S.C.A. § 1471 (West 1979).[2] Section 1471(e) grants the court exclusive jurisdiction of all property of the debtor as of the commencement of the bankruptcy case whereas § 1471(b) grants the court jurisdiction over all "civil proceedings arising under Title 11 or arising in or related to cases under Title 11." Helena's action seeks to attach a maritime lien for its benefit on the M/V Margaret Brent, a vessel in which the parties have stipulated that the debtor H & S Transportation Company, Inc. has no interest. Helena's complaint does not involve property of the bankruptcy estate and has no effect on the administration of the debtor's bankruptcy case. This complaint thus falls outside the scope of this court's subject matter jurisdiction. See Hall v. Jet Television Rental, Inc., 30 B.R. 799, 801–802 (Bkrtcy.M.D. Tenn.1983).

■ Nor does this court deem this third party complaint so related to the resolution of the trustee's adversary proceeding as to invoke the ancillary jurisdiction of this court. Ancillary jurisdiction, at best an amorphous concept, generally permits a federal court to exercise jurisdiction over a closely related third party complaint which itself lacks an independent jurisdictional base. E.g., Eagerton v. Valuations, Inc.,

1. This proceeding was originated by Irwin A. Deutscher as trustee. Mr. Deutscher has since that time withdrawn as trustee and C. Bennett Harrison, Jr. has been appointed successor trustee.

2. Due to the United States Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) holding the jurisdictional grant to bankruptcy courts under § 1471(c) unconstitutional, the analysis of this court's jurisdiction is necessarily predicated upon the jurisdictional grant to the district courts under § 1471(a) and (b). This jurisdiction has been deflected to this court by the district court's adoption of the emergency interim rule as interpreted by the Sixth Circuit Court of Appeals in White Motor Corp. v. Citibank, N.A., 704 F.2d 254 (6th Cir.1983). See Adm. Order No. 28–8 (August 2, 1983).

698 F.2d 1115, 1118–1119 (11th Cir.1983); *Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76, 79 (1st Cir.1982); *Majors v. American National Bank,* 426 F.2d 566, 568–569 (5th Cir.1970); 6 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1444, at 218–219 (1971).

The third party complaint filed by the defendant Helena is at most only remotely related to the trustee's adversary proceeding. The trustee's complaint involves purely a preferential transfer question under the Bankruptcy Code whereas Helena's third party action seeks to obtain a maritime lien on a vessel located outside this district and in which neither the debtor nor the trustee of the bankruptcy estate has an interest. Furthermore, the resolution of the third party complaint is contingent upon the trustee's action being successful.

For these reasons, this court chooses to exercise its discretion under Federal Rule of Civil Procedure 14, made applicable to this proceeding by Bankruptcy Rule 7014, to enter an order dismissing Helena's third party complaint. *See, e.g., Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 477 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *United States Fidelity & Guaranty Co. v. Perkins,* 388 F.2d 771, 773 (10th Cir.1968); *Eastman Chemical International, Ltd. v. Virginia National Bank,* 94 F.R.D. 21, 22 (E.D.Tenn. 1981); *Official Committee of Unsecured Creditors v. I. Hyman Corp. (In the Matter of Joyanna Holitogs, Inc.),* 21 B.R. 323, 327 (Bkrtcy.S.D.N.Y.1982). Because this court has determined that this third party complaint should be dismissed for lack of jurisdiction, an order will also be entered denying Helena's motion to transfer venue of its complaint to the Northern District of Mississippi. *See* 28 U.S.C.A. § 1475 (West 1979).

IT IS, THEREFORE, SO ORDERED.