In re **MAISLIN INDUSTRIES, U.S., INC., Debtor.**

**MAISLIN INDUSTRIES, U.S., INC., et al., Plaintiff,**

v.

**CERTIFIED BROKERAGE SYS., INC., Defendant and Third Party Plaintiff,**

and

**AT & T Technologies, Inc., Third Party Defendant.**

Bankruptcy No. 85–0096–R.

United States Bankruptcy Court, E.D. Michigan, S.D.

June 24, 1987.

David Sperry, Kansas City, Mo., Thomas Auchincloss, Washington, D.C., Allan Gilbert, Detroit, Mich., for plaintiff.

Rex Eames, Detroit, Mich., Steven Weiman, Gaithersberg, Md., for defendant and third party plaintiff.

Carole Crosby and James Wienner, Birmingham, Mich., for third party defendant.

## MEMORANDUM OPINION REGARDING JURISDICTION OVER THIRD PARTY COMPLAINT

STEVEN W. RHODES, Bankruptcy Judge.

This adversary proceeding is one of several filed on behalf of the debtor against its former customers for alleged underpayments of transportation charges. *See In re Maislin Industries, U.S., Inc. (Maislin Industries, U.S., Inc. v. C J Van Houten E Zoon Inc.,* 50 B.R. 943 (Bankr.E.D.Mich. 1985), and 66 B.R. 614 (E.D.Mich.1986); and *Maislin Industries, U.S., Inc. v. A.J. Hollander Company,* 69 B.R. 771 (E.D. Mich.1986).

The issue presently before the Court is whether there is subject matter jurisdiction over the third party complaint filed by the defendant, Certified Brokerage Sys., Inc., against AT & T Technologies, Inc. This issue was raised by the Court *sua sponte* at the hearing on AT & T's motion to dismiss. At the Court's request, the parties have fully briefed the issue.

Needless to say, Certified takes the position that this Court does have subject matter jurisdiction, and contends that its claim against AT & T is "related to" the Maislin bankruptcy; AT & T contends otherwise.

Under 28 U.S.C. § 1334(b), the district court has jurisdiction over all civil proceedings "related to cases under title 11." Under 28 U.S.C. § 157(a) and (c), this Court is granted similar jurisdiction upon reference by the district court. This reference is found in Local Rule 33, Eastern District of Michigan.

As noted in *Maislin Industries, U.S., Inc. v. A.J. Hollander Company,* above, the decision of the United States Court of Appeals for the Sixth Circuit in *In re Salem Mortgage Company (Kelley v. Nodine),* 783 F.2d 626, 634 (6th Cir.1986), authoritatively defined the scope of the "related to" jurisdiction of the bankruptcy courts:

> Courts have developed different tests in determining whether subject matter jurisdiction exists in a proceeding claimed to be "related to" a particular bankruptcy case. Some courts would find jurisdiction "only where the action clearly involved property of the estate ... or where a determination of the controversy is required for the proper administration or reorganization of the estate...." *In re General Oil Distributors, Inc.,* 21 B.R. 888, 892 n. 13 (Bankr. E.D.N.Y.1982) (citations omitted). Another test finds jurisdiction "whenever 'the outcome of the proceeding could conceivably have *any effect upon the estate* being administered in bankruptcy'" *Id.* (citing *Mazur v. U.S. Air Duct Corp.,* 8 B.R. 848, 851 (Bankr.N.D.N.Y.1981) (emphasis in original)). Although situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement, we believe that a broader interpretation of the statute more closely reflects the congres-

sional intent in adopting the new bankruptcy laws.

Accordingly, the issue before the Court is whether the outcome of Certified's claim against AT & T could conceivably have any effect upon the Maislin bankruptcy.

In its third party complaint, Certified alleges that it arranged for Maislin to perform transportation services for AT & T, that Maislin performed no transportation services for Certified, and that if Certified is found to be liable to Maislin for any unpaid transportation charges, then AT & T ought to be found liable to Certified in the same amount. The parties have characterized this claim as an indemnity claim.

AT & T's answer and motion to dismiss contends that because it has been fully released from all liability to Maislin, it is not liable to Certified. AT & T further contends that because Maislin alleges direct and not derivative liability on Certified's part, AT & T has no liability for indemnity.

Certified responds that because AT & T was the shipper in connection with the transportation charges at issue, AT & T is primarily liable for those charges.

The Court concludes that in these circumstances the resolution of Certified's claim against AT & T would have no effect upon the Maislin bankruptcy, and therefore this Court lacks subject matter jurisdiction over the third party complaint. Maislin's ultimate ability to obtain and to collect upon the judgment it seeks against Certified is totally unaffected by any action Certified might take against AT & T. Maislin may or may not be successful in establishing the liability of Certified, and conversely Certified may or may not be successful in defending the claim on ground that AT & T should be liable. In either event however, Certified's liability to Maislin is unaffected by AT & T's liability to Certified.

Certified's argument that its claim against AT & T is related to the Maislin bankruptcy is essentially two-fold. First, it contends that because the complaint and the third party complaint require the resolution of common issues of fact and law, principles of judicial economy and convenience to the parties suggest that the two complaints should be resolved concurrently. While this argument has some surface appeal, it must be rejected. Nothing in *Salem* suggests that the Court should consider these principles in determining the scope of "related to" jurisdiction in bankruptcy; as noted, *Salem* concluded that the test is whether the resolution of the claim would have any effect upon the bankruptcy.

Moreover, although it is clear that allowing bankruptcy jurisdiction over Certified's claim would benefit Certified, it is equally clear that it would prejudice both Maislin and AT & T. Maislin, who as debtor has a fiduciary responsibility to keep its administrative expenses to a minimum, has been and would continue to be responsible for its attorneys' time and expenses in monitoring, if not actual participating in, the dispute between Certified and AT & T. The files and records of this case already suggest that the discovery and motions relating to the third party complaint, which Maislin's counsel no doubt had to monitor, have been substantial. Likewise it is entirely foreseeable that the trial in this matter would be substantially longer if it also involves the third party complaint; this is especially so in this case because Maislin and Certified have stipulated to refer their dispute preliminarily to the Pennsylvania Public Utility Commission for resolution of certain issues of state law. All of this creates a real potential for a substantially greater commitment by Maislin in attorney time and expenses as a result of the third party complaint.

AT & T is prejudiced in a slightly different way. Allowing bankruptcy jurisdiction over the claim against it forces AT & T to defend the action in a forum not otherwise appropriate. Pursuant to 28 U.S.C. § 1409(a), the venue of this adversary proceeding is proper in Michigan only because Maislin filed bankruptcy here. Absent bankruptcy jurisdiction, Certified's claim would more properly be resolved in Pennsylvania, where the parties are located, the events took place, and the claim arose.

Therefore, it is not altogether clear that principles of convenience and judicial econ-

omy require that this Court find jurisdiction.[1]

Certified's second argument in support of its position that its claim against AT & T is related to the Maislin bankruptcy is set forth on pages 16–17 of its Brief in Support of Jurisdiction:

> Regardless of whether CERTIFIED or AT & T obtains a ruling in its favor, the Debtor's estate will be affected. If CERTIFIED prevails in the third party action, it is likely to obtain a judgment against AT & T in the same amount MAISLIN would receive if successful in the primary action. Accordingly, the proceeds from the judgment against AT & T would be available for immediate attachment and satisfaction of MAISLIN's judgment. If AT & T is successful, MAISLIN's ability to satisfy it [sic] judgment against CERTIFIED is likely to be diminished.

This argument must be rejected because it is unsupported in the record; nothing suggests that Certified will need to collect upon the judgment it seeks against AT & T to pay the judgment Maislin seeks against it. Moreover, even if true, such a connection must be held to be "extremely tenuous." *Salem*, 783 F.2d at 634.

Finally, Certified relies upon *In re Lucasa International Ltd.* (*Young v. Sultan Ltd.*), 6 B.R. 717 (Bankr.S.D.N.Y.1980). There, the trustee filed suit against the defendant to recover a preference under 11 U.S.C. § 547(b), and the defendant filed a third party complaint against its guarantor. The court concluded that there was bankruptcy jurisdiction over the third party complaint.

However, it must be held that Certified's reliance upon that case is misplaced. In its analysis of the jurisdiction issue, *Lucasa* did not even purport to apply the *Salem* test, which this court is bound to apply. Moreover, it is clear that the facts of *Lucasa* do meet *Salem* test; in its discussion of abstention, the court noted that the guarantor's potential liability on the preference would allow the guarantor to file a claim against the estate. *Id.* at 721. On the other hand, resolution of Certified's claim presents no analogous effect upon the Maislin bankruptcy. Accordingly, the Court concludes that *Lucasa* does not support Certified's position.

Several decisions have found bankruptcy court jurisdiction over disputes between two non-debtor parties. *See Salem*, above (finding jurisdiction to approve a settlement of claims by and between investors in, and borrowers from, the debtor); *Southern Industrial Banking Corporation (DuVoisin v. Foster)*, 809 F.2d 329 (6th Cir.1987) (finding jurisdiction over a cross-claim involving two non-debtor defendants); *In the Matter of Salem Mortgage Company (Baker v. Highland)*, 50 B.R. 34 (Bankr.E.D.Mich.1985) (finding jurisdiction over the principal complaint involving two non-debtors, where the debtor was a third party defendant); *In the Matter of McRae Fire Protection Inc. (McRae Fire Protection, Inc. v. Joseph Davis, Inc.)*, 49 B.R. 773 (Bankr.E.D.Mich.1985) (finding jurisdiction over a third party complaint involving two non-debtors, where all parties were necessary for full administration of the bankruptcy); *In re Earl Roggenbuck Farms, Inc. (Cook v. United States)*, 51 B.R. 913 (Bankr.E.D.Mich.1985)

---

1. For these same reasons, even if jurisdiction were found, a strong issue of abstention under 28 U.S.C. § 1334(c)(1) would arise. As noted in *Salem*, 783 F.2d 626, 635:

> Congress wisely chose a broad jurisdictional grant and a broad abstention doctrine over a narrower jurisdictional grant so that the district court could determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases. *See* Note, *Selective Exercise of Jurisdiction in Bankruptcy-Related Civil Proceedings*, 59 Tex.L.Rev. 325, 334–36 (1981).

> The degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain.

In this regard, the Court notes that Certified has not argued either ancillary or pendent jurisdiction. *See generally* C.A. Wright, A.R. Miller & E.H. Cooper *Federal Practice and Procedure* §§ 3523, 3567 *et seq.* (2d ed. 1984). Needless to say, the discretionary decision whether to exercise such jurisdiction would be shaped by the same considerations that would mandate abstention.

(finding jurisdiction over a cross-claim involving two non-debtor defendants).

However, the crucial distinction between those cases and the present case is that in those cases, the courts were able to identify how the resolution of the claim involving the two non-debtor parties affected the bankruptcy; here, the resolution of the dispute between Certified and AT & T, two non-debtor parties, will have no effect upon the Maislin bankruptcy.

Accordingly, the Court, *sua sponte*, hereby dismisses [2] the third party complaint for lack of subject matter jurisdiction.

---

**2.** Local Rule 33(A)(3)(c)(i), Eastern District of Michigan, provides:

> A party shall indicate whether or not it consents to the authority of the Bankruptcy Judge to act under subparagraph (a)(3)(A) in either the first pleading it files, or the first motion it files, whichever comes first. The failure to so indicate shall be deemed consent.

In its answer to the third party complaint, AT & T failed to indicate whether or not it consented; accordingly it is deemed to have consented.

Likewise, in its answer to the complaint and in its third party complaint, Certified failed to indicate whether it consented. In fact in a status report filed on June 11, 1985, Certified specifically indicated its consent. However, on November 6, 1985, it filed a second status report purporting not to give consent.

The Court concludes that the indication of no consent in the second status report is without effect, because it had previously given its consent both explicitly and implicitly. *See In re Southern Industrial Banking Corporation*, above. Moreover, once given, consent cannot be withdrawn except by leave of court upon a showing of good cause. *See Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir.1987).

Accordingly, the Court concludes that both parties to the third party complaint have consented to disposition of the third party complaint by the bankruptcy court.