Susan L. Rhiel, Thompson, Hine and Flory, Columbus, Ohio, for plaintiff.

Paula A. DiNapoli, Worthington, Ohio, for Equitable Federal Sav. and Loan Ass'n.

Julie A. Dunwell, Smith & Schnacke, Columbus, Ohio, for Mobile Consultants, Inc.

Charles M. Caldwell, Office of the U.S. trustee, Columbus, Ohio, Asst. U.S. trustee.

**In re Dorothy Louise GERMAN, Debtor.**

**Thomas C. SCOTT, Trustee, Plaintiff,**

v.

**EQUITABLE FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Third–Party Plaintiff,**

v.

**MOBILE CONSULTANTS, INC., Third–Party Defendant.**

Bankruptcy No. 2–87–01002.
Adv. No. 2–88–0077.

United States Bankruptcy Court,
S.D. Ohio, E.D.

March 6, 1989.

ORDER GRANTING MOTION TO DISMISS THIRD–PARTY PLAINTIFF'S COMPLAINT

R. GUY COLE, Jr., Bankruptcy Judge.

I. *Statement of Uncontested Facts*

This matter is before the Court upon the Motion to Dismiss Third–Party Plaintiff's Complaint ("Motion") filed by Mobile Consultants, Inc. ("MCI"), the third-party defendant in this adversary proceeding. The uncontested facts on which the Motion is based are as follows:

(1) Dorothy Louise German ("Debtor") initiated a case under Chapter 7 of the Bankruptcy Code by filing a petition with this Court on March 13, 1987;

(2) Thomas C. Scott is the duly-appointed and qualified trustee ("Trustee") of the Debtor's bankruptcy estate;

(3) Equitable Federal Savings and Loan Association ("Equitable") filed a proof of claim ("Claim") with the Court on December 29, 1987, in the amount of $7,979.89. Equitable's Claim is based upon a deficiency arising from Equitable's repossession and sale of the Debtor's mobile home;

(4) The Trustee, on April 4, 1988, initiated the instant adversary proceeding by filing his Complaint Objecting to Claim and to Recover Money Judgment against Equitable ("Complaint"). In addition to objecting to the Claim, the Complaint also seeks recovery of a money judgment against Equitable on the basis of its alleged failure to comply with the provisions of Article 9 of the Uniform Commercial Code and the Ohio Retail Installment Sales Act in its repossession and sale of the mobile home;

(5) On June 6, 1988, Equitable filed its answer to the Complaint as well as a third-party complaint against MCI. Equitable's third-party complaint asserts that MCI and Equitable are parties to a contract (which is appended to Equitable's answer as Exhibit B) ("Contract") whereby MCI acts as Equitable's servicing agent on all of its mobile home loans. According to MCI, any liability stemming from improper repossession of the mobile home arises from acts or omissions of MCI which constitute a breach of the terms of the Contract. Accordingly, Equitable's third-party complaint seeks indemnification pursuant to the Contract for any liability which may attach to Equitable as a result of the Trustee's Complaint;

(6) On August 11, 1988, Equitable filed its pretrial statement with the Court which contained the following stipulation:

"Jurisdiction of this Court is not disputed and is invoked under 28 U.S.C. § 1334 and Bankruptcy Rule 7001(1)."

(7) MCI has filed the instant Motion arguing that the Court does not possess subject-matter jurisdiction over either the Trustee's action against Equitable or Equitable's third-party complaint against MCI. Both Equitable and the Trustee have filed memoranda opposing the requested dismissal of Equitable's third-party action against MCI.

## II. *Legal Discussion*

The jurisdictional argument asserted by MCI is two-fold: (1) the Court lacks subject-matter jurisdiction to adjudicate the Trustee's action against Equitable; and (2) the Court is likewise without jurisdiction to hear and determine the third-party proceeding asserted by Equitable against MCI. The Court need not dwell at length on MCI's first contention. Pursuant to 28 U.S.C. § 157(c)(2), the Court may enter a final, dispositive order in a noncore proceeding with the parties' consent. As stated above, Equitable's pre-trial statement characterizes the Trustee's action against it as a core proceeding and further states Equitable's consent to this Court's full and final adjudication of the instant adversary proceeding.[1] Hence, the Court may elide the thorny issue of whether the Trustee's action constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(C). *Compare, Braucher v. Continental Illinois Bank & Trust Co. of Chicago (In re Illinois–California Express, Inc.),* 50 B.R. 232, 239 (Bankr.D.Colo.1985); *Nanodata Computer Corp. v. Kollmorgen Corp. (In re Nanodata Computer Corp.),* 52 B.R. 334, 342–43 (Bankr.W.D.N.Y.1985); *Production Credit Assoc. v. Yagow (In re Yagow),* 53 B.R. 737, 739 (Bankr.D.N.D.1985) (holding that traditional state law breach of contract claims that arise as counterclaims to a creditor's proof of claim cannot be properly classified as a core proceeding) with *Interconnect Telephone Services v. Farren,* 59 B.R. 397, 400–01 (S.D.N.Y.1986); *Sun West Distributors, Inc. v. Grumman Energy Systems Co. (In re Sun West Distrib-*

---

**1.** The Court is aware that 28 U.S.C. § 157(c)(2) requires the consent of *all* parties to the proceeding. However, after dismissal of MCI as a party, *see infra* at 374–75, all remaining parties will have consented to the Court's adjudication of this action.

*utors, Inc.)*, 69 B.R. 861, 864–66 (Bankr.S. D.Cal.1987) (holding that party who files a proof of claim impliedly consents to the bankruptcy court's adjudication of state law counterclaims).

While the Court's jurisdiction to adjudicate the Trustee's action against Equitable under authority of 28 U.S.C. § 157(c)(2) is firmly established, the third-party action presents a different case. This Court has recently provided an in-depth analysis of bankruptcy court jurisdiction in the wake of the United States Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and Congress' subsequent enactment of the Bankruptcy Amendment and Federal Judgeship Act of 1984 ("BAFJA"). *See, United Security & Communications, Inc. v. Rite Aid Corp. (In re United Security & Communications, Inc.)*, 93 B.R. 945 (Bankr.S.D.Ohio 1988). Judicial economy dictates that the Court not duplicate its effort here. Suffice it to say that under the tripartite classification of proceedings established by BAFJA (*see*, 28 U.S.C. § 1334(b); *United Security*, 93 B.R. at 949–52) the only classification which the third-party action could arguably fall within is that of a "related proceeding." Varying definitions of what constitutes a related proceeding have been developed by the circuit courts. The dominant formulation is that articulated by the Third Circuit in *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984): "whether the outcome of ... [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *United Security*, 93 B.R. at 852. This concept of "relatedness" has also been embraced by the Sixth Circuit. *Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986). *See also, Turner v. Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir.1983); *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127 (7th Cir.1987); *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455 (9th Cir.1988).

Applying the *Pacor* definition to the facts at hand, the Court must consider whether the outcome of the third-party action could conceivably affect the administration of Debtor's bankruptcy estate.

Here, a determination of whether Equitable, which may be found liable for damages on the Trustee's Complaint, should be allowed to recapture its potential loss from MCI under an indemnity theory cannot be said to have any effect on Debtors' estate or the underlying bankruptcy case. Accordingly, Equitable's third-party action, which involves a dispute between two nondebtor parties, is not a related proceeding within the meaning of 28 U.S.C. § 1334(b). *See, Fietz,* 852 F.2d at 458; *Neill v. Borreson (In re John Peterson Motors, Inc.)*, 56 B.R. 588, 591 (Bankr.D.Minn.1986); *Maislin Industries, U.S., Inc. v. Certified Brokerage Sys., Inc. (In re Maislin Industries, U.S., Inc.)*, 75 B.R. 170, 172 (Bankr.E. D.Mich.1987); *Kaiser Steel Corporation v. Frates (In re Kaiser Steel Corporation)*, 95 B.R. 782 (D.Colo.1989). Thus, MCI's Motion is well-taken.

Based upon the foregoing, the Motion to Dismiss Third–Party Plaintiff's Complaint filed by Mobile Consultants, Inc. is hereby GRANTED.

IT IS SO ORDERED.