**In re GLC LIMITED, Debtor.**

**GLC Limited, Plaintiff**

v.

**Bruce Smith, Defendant/Third–Party Plaintiff**

v.

**Bridgette Miller Smith, Third–Party Defendant.**

**Bankruptcy No. 11–11090.
Adversary No. 11–1156.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

July 13, 2012.

---

J. Hayden Kepner, Jr., Scroggins & Williamson, Atlanta, GA, James C. Frooman, Ronald E. Gold, Matthew Horwitz, Frost Brown Todd LLC, Cincinnati, OH, for Debtor and Plaintiff.

Leon Strickland Jones, Jones & Walden, LLC, Atlanta, GA, for Defendant/Third–Party Plaintiff.

Robert A. Goering, Sr., Cincinnati, OH, for Third–Party Defendant.

## ORDER GRANTING MOTION TO DISMISS THIRD–PARTY COMPLAINT

JEFFERY P. HOPKINS, Bankruptcy Judge.

Before the Court is a motion to dismiss the third-party complaint ("Motion") (Doc. 30) filed by the third-party defendant, Bridgette Miller Smith ("Ms. Miller"). Dismissal of the third-party complaint for lack of jurisdiction is warranted because its causes of action are not related proceedings under 28 U.S.C. § 1334(b).

### OVERVIEW OF COMPLAINT AND THIRD-PARTY COMPLAINT

This is a fraudulent transfer action. The plaintiff seeks a judgment against defendant Bruce Smith ("Mr. Smith") for $120,000, allegedly representing the fictitious profits Mr. Smith received from a Ponzi scheme operated by the former principals of the debtor. Mr. Smith's third-party complaint alleges that Ms. Miller, Mr. Smith's former spouse, is liable to Mr. Smith for one-half of the fictitious profits if judgment is entered against Mr. Smith.

### ALLEGATIONS OF THIRD-PARTY COMPLAINT

The third-party complaint advances the following allegations. Prior to their divorce Mr. Smith and Ms. Miller maintained a joint account, from which $200,000 was transferred to the alleged Ponzi scheme. The divorce proceeding commenced in Georgia three months later. Thereafter, $320,000 was received by Mr. Smith from the alleged Ponzi scheme. The divorce decree awarded Ms. Miller $135,000 as her remaining share of the proceeds. Mr. Smith wrote a check to Ms. Miller for $135,400, representing her after-tax share.

### COUNTS OF THIRD-PARTY COMPLAINT

The third-party complaint includes four counts: (1) common law contribution and indemnification; (2) unjust enrichment; (3) conduit; and (4) setoff. If Mr. Smith is liable to the plaintiff, his first three counts are alternative means of obtaining a judgment against Ms. Miller for one-half of such liability. If judgment is entered against Ms. Miller, the fourth count seeks setoff of mutual obligations between Mr. Smith and Ms. Miller.

### LIMIT OF BANKRUPTCY JURISDICTION: RELATED PROCEEDINGS

Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334. Bankruptcy courts have no jurisdiction over a proceeding unless, at a minimum, it is "related to" a bankruptcy case. See 28 U.S.C. § 1334(b). A proceeding is "related" if it could have any conceivable effect on the bankruptcy estate or affects the debtor's rights or liabilities. *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir.2002).

### THIRD–PARTY COMPLAINT NOT RELATED

COUNT ONE: CONTRIBUTION AND INDEMNIFICATION

A third-party action between non-debtors for indemnification of liability to the debtor on the primary complaint is not a related proceeding. *Scott v. Equitable Fed. Savs. and Loan Ass'n (In re German),* 97 B.R. 373, 375 (Bankr. S.D.Ohio 1989) ("a determination of whether [defendant/third-party plaintiff], which may be found liable for damages on the Trustee's Complaint, should be allowed to recapture its potential loss from [third-party defendant] under an indemnity theory cannot be said to have any effect on Debtor's estate or the underlying bankruptcy case"); *see also Barber v. Riverside Int'l Trucks, Inc. (In re Pearson Indus., Inc.),* 142 B.R. 831, 849–50 (Bankr.C.D.Ill.

1992) (bankruptcy court has no jurisdiction over third-party complaint for indemnification asserted in preference action (citing *In re John Peterson Motors, Inc.,* 56 B.R. 588 (Bankr.D.Minn.1986))). Therefore, this Court does not possess jurisdiction to hear Mr. Smith's count for contribution and indemnification.

COUNTS TWO & THREE: UNJUST ENRICHMENT AND CONDUIT

Mr. Smith's unjust enrichment and conduit counts are likewise unrelated because they are simply additional theories to obtain the same relief sought by indemnification. *See e.g., Hospitality Ventures/LaVista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/LaVista),* 358 B.R. 462, 470 (Bankr.N.D.Ga.2007) (third-party complaint for unjust enrichment between non-debtors is not a related proceeding).

COUNT FOUR: SETOFF

The setoff count is even more remote than the first three. To the extent that Ms. Miller is liable to Mr. Smith under any of the first three counts, the setoff count seeks to reduce Mr. Smith's existing liability to Ms. Miller by the same amount. Consequently, the setoff count is not an independent claim. It is dependant upon success under one of the first three counts which, as noted above, are not related proceedings. The count has no effect upon the debtor or the estate.

*SUPPLEMENTAL JURISDICTION*

Mr. Smith also urges this Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), which provides in relevant part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Courts are divided on the issue of whether bankruptcy courts can exercise the supplemental jurisdiction of district courts. *See Rhiel v. Central Mortgage Co. (In re Kebe),* 444 B.R. 871, 879–80 (Bankr. S.D.Ohio 2011) (collecting cases). According to the majority, bankruptcy courts cannot use supplemental jurisdiction to exceed their "related" jurisdiction under 28 U.S.C. § 1334(b). *Id.* A recent decision from the Supreme Court arguably poses an additional challenge for the minority view. *See Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) (bankruptcy courts do not necessarily possess the Constitutional authority to enter final judgments even if they possess the statutory authority to do so under 28 U.S.C. § 157). Nevertheless, this Court need not decide the issue.

"[D]istrict courts may decline to exercise supplemental jurisdiction ... if ... the claim raises a novel or complex issue of State law[.]" 28 U.S.C. § 1367(c). Ultimately, the third-party complaint is about the rights created under the divorce decree. This presents a complex issue under Georgia law. Mr. Smith argues that the divorce decree required him to hold in trust for Ms. Miller one-half of the proceeds from the alleged Ponzi scheme. According to Ms. Miller, she had no vested right in the particular proceeds held by Mr. Smith, who is attempting to use this Court to modify the decree. It is better to leave these issues to the interpretation of the Georgia divorce court. *See e.g., In re White,* 851 F.2d 170 (6th Cir.1988) (bankruptcy courts should allow state courts to exercise their exclusive domestic relations authority). Therefore, even if it could exercise supplemental jurisdiction, the Court declines to do so.

*CONCLUSION*

For the foregoing reasons, the Motion is **GRANTED** and the third-party complaint is **DISMISSED**.

A telephonic pretrial conference on the complaint shall be held on September 4, 2012, at 3:00 p.m. The Court will initiate the phone call.

**IT IS SO ORDERED.**